UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANDRE LAMONT LOCKLIN,<br><br>Petitioner,<br><br>v.<br><br>T. CAMPBEL, Warden,<br><br>Respondent. | Case No. 2:22-cv-06933-SB-KES<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS MIXED |

## I.

## BACKGROUND

On September 19, 2022, Deandre Lamont Locklin ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. (Dkt. 1 ["Petition"].) Petitioner challenges his conviction for the 2015 gang-related armed robbery of a marijuana dispensary in Los Angeles. (Id. at 2.) The Petition raises four grounds for relief: (1) Confrontation Clause error in admitting testimony from a DNA expert; (2) Confrontation Clause error in admitting DNA evidence; (3) insufficient evidence to support the gang enhancement; and (4) ineffective assistance of counsel ("IAC"). (Id. at 5-6.)

Petitioner contends that he exhausted all four grounds on direct appeal. (Id.)

But, it appears that Petitioner's direct appeal did not include an IAC claim. See People v. Locklin, No. B295741, 2021 WL 1115852, 2021 Cal. App. Unpub. LEXIS 1926 (Mar. 24, 2021). Indeed, IAC claims are rarely brought on direct appeal because the evidence in a direct appeal is limited to the trial court record. See United States v. Darrell, 659 F. App'x 407, 408 (9th Cir. 2016). Petitioner is therefore ordered to show cause why his Petition should not be dismissed as a "mixed."

## II.
## LEGAL STANDARD

All claims in a federal habeas petition must be "exhausted" before a federal court may grant the petition. 28 U.S.C. § 2254(b)(1); Rose v. Lundy, 455 U.S. 509, 522 (1982). To exhaust a claim, the petitioner must "fairly present" it to the state courts, to give the State the opportunity to pass upon and correct alleged violations of the petitioner's federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995). To be properly exhausted, the claim must be "fairly presented" to the highest court in a state court system, even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000). For a petitioner in California state custody, this generally means that the petitioner must have presented his claims *to the California Supreme Court.* Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (emphasis added).

For a claim to have been "fairly presented" to the state courts, the claim "must include a reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). The claim should alert the state court to the alleged federal basis for the claim "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S.

27, 32 (2004). "[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the present of a federal claim in order to find material, such as a lower court opinion in the case, that does so." Id.

A petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), all federal habeas petitions are subject to a one-year statute of limitations, and claims not exhausted and presented to the federal court within the one-year period are forfeited. 28 U.S.C. § 2244(d). Under Rhines v. Weber, 544 U.S. 269 (2005), a district court has discretion to stay a petition to allow a petitioner to exhaust his claims in state court without running afoul of AEDPA's one-year statute of limitations period. Id. at 273-75. A district court may stay a petition if: (1) the petitioner has good cause for his failure to exhaust his claims; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory tactics. Id. at 278.

Alternatively, the Court may grant a stay under Kelly v. Small, 315 F.3d 1143 (9th Cir. 2003), which does not have the Rhines "good cause" requirement. See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). A Kelly stay and abeyance requires compliance with the following three-step procedure: (1) petitioner files an amended petition deleting his unexhausted claims; (2) the district court "stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims"; and (3) petitioner must subsequently seek to amend the federal habeas petition to reattach "the newly-exhausted claims to the original petition." Id. at 1135. Under Kelly, however, a petitioner is only allowed to amend newly exhausted claims back into his federal petition if those claims are timely under the AEDPA or "relate back" to the exhausted claims in the pending petition. Id. at

1140-41; see also Mayle v. Felix, 545 U.S. 644, 662-64 (2005); Stein v. Director of Corrections, No. 05-1592, 2009 U.S. Dist. LEXIS 114016, 2009 WL 4755727 (E.D. Cal. Dec. 8, 2009).

## III.
## DISCUSSION

Ground Four of the Petition (the IAC claim) appears unexhausted. While the Court does not have a copy Petitioner's Petition for Review to the California Supreme Court, the Court of Appeal's opinion does not discuss an IAC claim. See People v. Locklin, No. B295741, 2021 WL 1115852, 2021 Cal. App. Unpub. LEXIS 1926 (Mar. 24, 2021). Typically, a Petition for Review does not include issues that were not presented to the lower court.

## IV.
## CONCLUSION

IT IS HEREBY ORDERED that, **on or before December 2, 2022**, Petitioner is ordered to show cause why the Petition should not be dismissed as mixed. In response to this Order to Show Cause, Petitioner should do **one** of the following:

(1) Voluntarily dismiss Ground Four. If Petitioner does this, the Court will order Respondent to respond to Grounds One, Two, and Three.

(2) File a brief explaining when and how Petitioner believes he exhausted Ground Four. If Petitioner contends that he presented his IAC claim to the California Supreme Court in his Petition for Review, then he should attach a copy.

(3) Or, file a motion to stay this action so he can return to state court to exhaust Ground Four. As discussed above, a stay may be available under Rhines v. Weber if Petitioner can meet the requirements, or under Kelly v. Small.

DATED: November 2, 2022

_____
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE