UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DE ANDRE LAMONT LOCKLIN, <br><br> Petitioner, <br><br> v. <br><br> TAMMY CAMPBEL, <br><br> Respondent. | Case No. 2:22-cv-06933-SB-KES <br><br> ORDER ACCEPTING THE FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus, the records herein, and the Report and Recommendation (R&R) of the U.S. Magistrate Judge. After having made a de novo determination of the portions of the Report and Recommendation to which objections were directed, the Court generally accepts the findings and conclusions of the Magistrate Judge, except as specified below.

1.  Petitioner objects to the Magistrate Judge's reliance on the factual record as presented in the Court of Appeal opinion, arguing it improperly characterized a description of criminalist Reyna Hernandez's handling of physical evidence as fact, even though she did not testify. Dkt. No. 91 at 4–5. The objection is meritless because the Magistrate Judge conducted an independent review of the record (Dkt. No. 82 at 4) and did not consider any purportedly improper evidence in analyzing the constitutionality of Kim's testimony.

    2.    Petitioner next argues that the Court of Appeal unreasonably applied clearly established federal law in rejecting his Sixth Amendment claim that Kim violated his confrontation rights by testifying about the collection, preservation, and testing of DNA samples. Dkt. No. 91 at 6. The objection lacks merit. The Magistrate Judge correctly found that Supreme Court authority at the time was unsettled and that the clarifying decision in *Smith v. Arizona*, 602 U.S. 796 (2024), postdated the Court of Appeal's ruling. On habeas review, a federal court "consider[s] only Supreme Court 'precedents as of the time the state court renders its decision." *Jessup v. Shinn,* 31 F.4th 1262, 1265 (9th Cir. 2022) (cleaned up). Likewise meritless is Petitioner's objection that the Court of Appeal failed to address whether the case-file information offered by Kim was testimonial, case-specific hearsay. Dkt. No. 91 at 7. The Court of Appeal's analysis of the Confrontation Clause issue, including its discussion of *People v. Barba*, 215 Cal. App. 4th 712, 155 (2013) and *People v. Ogaz*, 53 Cal. App. 5th 280 (2020), demonstrates that it considered the relevant federal issues.

    3.    Petitioner objects that the R&R failed to address whether the Court of Appeal erred in not addressing *People v. Sanchez*, 63 Cal. 4th 665 (2016), which he believes "supplanted" *Barba*. Dkt. No. 91 at 9–10. Even if true, this is not legally relevant, as a federal court on habeas review looks only to whether the underlying state court decision is "inconsistent with the holding in a prior decision of [the Supreme] Court." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). The Magistrate Judge reasonably concluded that the decision in this case was not inconsistent with the applicable Supreme Court precedent at the time, *Williams v. Illinois*, 567 U.S. 50 (2012).

    4.    Petitioner incorrectly contends that the Court of Appeal unreasonably found sufficient evidence to support a gang enhancement under California Penal Code § 186.22(b)(1). Under *Briceno v. Scribner,* 555 F.3d 1069 (9th Cir. 2009),

expert testimony can support a gang enhancement when coupled with circumstantial evidence (*id.* at 1078)—which was present here. *See* Dkt. No. 16-2 at 31–33 (describing the circumstantial evidence of gang involvement and benefit); *Jackson v. Virginia,* 443 U.S. 307, 443 (1979) (stating that reviewing courts "must presume . . . that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution"); *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (explaining that on habeas review, a federal court may only overturn a state court decision rejecting a sufficiency of evidence challenge "if the state court decision was objectively unreasonable") (cleaned up).

     5.    Petitioner next objects to the sufficiency of evidence to establish a "pattern of criminal gang activity" under California Penal Code § 186.22(e). While California courts have held that an offense occurring after the charged offense cannot be used to establish a pattern of gang activity,[1] Petitioner's claim is unexhausted—he did not raise it before the Court of Appeal or in his petition to the California Supreme Court. Dkt. Nos. 16-2, 16-3, 63-2. The claim was also not raised in his original or first amended habeas petition. Dkt. No. 81*; see Greene v. Henry*, 302 F.3d 1067, 1070 n.3 (9th Cir. 2002) (declining to consider claims not raised in the petition).

     6.    Petitioner's final objection reiterates the arguments in his first amended petition about his trial counsel's failure to object to a statement in the prosecution's closing arguments. To the extent the objection attempts to introduce a new claim based on his counsel's failure to object to the "testimonial, case-specific hearsay from non-testifying analysts" (Dkt. No. 91 at 21–22), this claim is meritless. His counsel raised multiple objections to the testimony on the basis that

---

[1] *See, e.g., People v. Duran*, 97 Cal. App. 4th 1448, 1458 (2002) ("Crimes occurring after the charged offense cannot serve as predicate offenses to prove a pattern of criminal gang activity.").

it violated his Confrontation Clause rights under *Sanchez* and *Crawford* (Dkt. No. 20-1 at 46–54, 64, 132–36, 142, 155; Dkt. No. 20-6 at 151–58) and raised the issue in a motion for a new trial (Dkt. No. 20-3 at 79–81).

\*    \*    \*

The Court adopts the Magistrate Judge's findings, conclusions, and recommendations. Judgment shall be entered denying and dismissing the first amended petition with prejudice, and the Clerk shall serve copies of this Order, the Magistrate Judge's Report and Recommendation, and the Judgment herein on Petitioner and counsel for Defendant.

Dated: September 29, 2025

Stanley Blumenfeld, Jr.
United States District Judge